UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

    Petitioner,

vs.

Criminal Case No. 00-80466
HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

    Respondent,
_____/

ORDER DENYING MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [Doc. 80]

    On September 30, 2010, petitioner Robert Lee Childress, Jr.'s supervised release was revoked and he was sentenced to 36 months imprisonment for multiple supervised release violations arising out of two state court convictions for fraud felonies. Now before the court is Childress' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging that his sentence was unconstitutional because he should have served his federal sentence before his state sentences, the court violated the rule of lenity, revocation of his supervised release amounts to double jeopardy, the court used impermissible "double counting" in calculating the grade of the underlying violations and improperly determined his violation grade by considering the enhancement of his state sentences for habitual offender status, his sentence for supervised release violations should not be consecutive to his state sentences, his sentence credit was improper, and ineffective assistance of counsel. The government

filed a response brief opposing the motion as to all claims. For the reasons set forth below, Childress' motion shall be denied in its entirety.

BACKGROUND

On October 17, 2000, a federal grand jury indicted Childress on one count of bank fraud, 18 U.S.C. § 1344, and two counts of making false statements, 18 U.S.C. § 1014. These charges arose from Childress's scheme to defraud several Michigan banks and a car dealership by using fraudulent checks and misrepresenting his credit history and social security number to secure loans. On February 28, 2002, Childress pled guilty to Count Two of his indictment and on June 13, 2002, was sentenced to eleven months imprisonment, followed by five years of supervised release. On March 27, 2004, Childress was released from prison and began his five-year term of supervised release. Childress' supervised release was conditioned on his abstention from committing "another federal, state or local crime" while on supervised release.

On March 8, 2006, a United States probation officer filed a revocation petition alleging that Childress violated the terms of his supervised release. The petition alleged that on December 13, 2005, Childress pled guilty in the Michigan Third Judicial Circuit Court to passing a check with insufficient funds over $500. On May 9, 2007, the district court gave Childress a second chance and instead of revoking his supervised release, ordered him to four months home confinement and continued the original term of supervised release imposed on June 13, 2002. Not long thereafter, Childress was again convicted on multiple fraud charges, this time of more serious offenses, in Michigan state courts in 2008 and 2010.

On June 15, 2010, a United States probation officer filed a second revocation petition against Childress for violating conditions of his supervised release. The petition reported that Childress committed to serious fraud crimes while on supervised release. On September 25, 2008 he was convicted in Oakland County, Michigan of larceny by conversion $20,000 or more and possession of motor vehicle with the intent to pass false title. Both charges arose out of Childress' attempts to sell a vehicle for which he fraudulently obtained clear title, a crime very similar to the one underlying his original federal conviction. In Oakland County, he was sentenced to a concurrent term of imprisonment of four years and six months to thirty years as well - restitution in the amount of $56,530.42. Childress also was convicted of false pretenses $20,000 or more in Macomb County, Michigan and was sentenced to nineteen to 120 months, to run concurrent with the Oakland County sentence. On September 30, 2010 the district court held a violation hearing and sentenced Childress to 36 months imprisonment to run consecutive to his state sentences. Childress filed a timely appeal and the Sixth Circuit affirmed his sentence.

## STANDARD OF LAW

A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006) (citing Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003), cert. denied, 540 U.S. 1133 (2004)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence

on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

## DISCUSSION

I. Alleged Jurisdictional Defects

Childress argues that because his original federal conviction preceded his state convictions, he should have been sent to federal prison before state prison. Childress has cited to no authority in support of this proposition and none exists. He was convicted and sentenced in state court prior to his supervised release violation hearing and prior to revocation of his supervised release. The state courts properly exercised jurisdiction and Childress lacks any basis to complain as to which forum could incarcerate him first.

II.  Rule of Lenity and Double Jeopardy

In his § 2255 petition, Childress alleges that his sentence violated the rule of lenity and double jeopardy. Childress failed to raise these claims on direct appeal. A federal prisoner's failure to raise a claim on direct appeal, other than a claim for ineffective assistance of counsel, results in a procedural default of that claim. Bousley v. United States, 523 U.S. 614, 621 (1998); Peveler v. United States, 269 F.3d 693, 698 (6th Cir. 2001); Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000). "It is well-settled law that failure to raise an argument at trial or on direct appeal is waived on collateral review under § 2255, absent a showing of both cause and actual prejudice." Murr v. United States, 200 F.3d 895, 900 (6th Cir. 2000) (citing United States v. Frady, 456 U.S. 152, 164-65, 167 (1982)). "A procedurally defaulted claim, absent a showing of cause and prejudice or actual innocence, cannot give rise to relief under § 2255."

Peveler, 269 F.3d at 698.  Childress has failed to show cause or actual prejudice as to his claims that his sentence violated the rule of lenity or double jeopardy.  Even if the court were to consider those claims on the merits, Childress is not entitled to relief.

    A.    <u>Rule of Lenity</u>

Childress argues that the rule of lenity required the district court not to consider his enhancement of the state court sentences based on his status as a habitual offender, but only to consider the sentence that could be imposed for the underlying crime.  The Sentencing Guidelines provide that in calculating a supervised release violation, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."  U.S.S.G. § 7B1.1(b).  There are three grades of supervised released violations, the most serious of which is Grade A, which is the level the district court found to apply at sentencing Childress for violation of his supervised release.  In particular, the district court found a Grade A violation based on Sentencing Guideline § 7B1.1(a)(1)(B), which provides for a Grade A violation for "any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years."

Childress claims that the language of Sentencing Guideline § 7B1.1(a)(1)(B) does not allow the court to consider sentencing enhancements in determining the grade of the supervised release violation.  On appeal, Childress made essentially the same argument, on the grounds that the sentence was not "procedurally reasonable."  The Sixth Circuit rejected the argument, holding that in determining a violation grade for a supervised release revocation, the court properly considers any applicable habitual

offender enhancement, not merely the sentence for the criminal act alone.  This court now considers whether the rule of lenity requires a different result, and finds that it does not.  The rule of lenity may apply when interpreting the Sentencing Guidelines.  United States v. Galaviz, 645 F.3d 347, 362 (6th Cir. 2011).  The rule of lenity provides that where there are two rational readings of the Sentencing Guidelines, the court should apply the interpretation giving the lease harsh sentence.  Id.  "[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a 'grievous ambiguity or uncertainty in the statute,' such that the Court must simply 'guess as to what Congress intended.'" Id. (quoting Barber v. Thomas, __ U.S. __, 130 S. Ct. 2499, 2508-09 (2010)).

In this case, there is no ambiguity in the Guidelines at issue.  Guideline § 7B1.1(a)(1)(B) clearly provides that a Grade A violation applies for any state offense "punishable by a term of imprisonment exceeding twenty years" and Childress's state offenses were "punishable" for a term in excess of twenty years based on the underlying fraud crimes, and the applicable enhancement for committing two or more felonies.  Because there is no ambiguity in the Guidelines applicable here, the rule of lenity does not apply and Childress's § 2255 petition should be denied on this basis.

B. Double Jeopardy

Childress also argues that imposition of the revocation of supervised release sentence violates the Double Jeopardy Clause.  The Supreme Court has stated, however, that post-revocation sanctions are attributable to the original conviction and thus, do not implicate double jeopardy difficulties.  Johnson v. United States, 529 U.S. 694, 700 (2000). The Sixth Circuit also has stated that consideration of state convictions

upon revocation of supervised release does not raise double jeopardy concerns so long as the district court considers the original offense. United States v. Johnson, 640 F.3d 195, 203 (6th Cir. 2011). In this case, the record is clear that this court considered Childress' original offense in determining his sentence after revoking his supervised release. At the supervised release violation hearing, this court explained the numerous factors it considered in determining the appropriate sentence, including the fact that Childress violated the court's trust by committing the same types of serious fraud crimes while on supervised release, despite the fact that the court had already given Childress a second chance by merely giving him four months home confinement after he pled guilty to passing a check with insufficient funds in 2005. At that hearing, the court stated:

> The number one condition, which says, shall not commit another criminal offense, state or federal, and in this case it was not just one, but two convictions that have been committed, and as the [Assistant United States Attorney] pointed out, not just two convictions of various felonies, but fraud related felonies, the same kind of conduct that resulted in the conviction in this case in the first place, and to further aggravate the seriousness of the violations, we had Mr. Childress on violation before, and continued the supervision, gave him the benefit of the doubt, and trusted that - that his ability and his capacity to function successfully and productivity [sic] was because of his intelligence, I agree he has. He gave me some hope that rehabilitation could occur, and he could be a contributor rather than a taker in society, but that just hasn't happened, and this [is] just about as close to incorrigible as I have seen, and the Court has to account for that assessment I think in the sentence to be imposed here.

(Doc. 73 at 27-28). This court emphasized that Childress' criminal activity while on supervised release was "somewhat astounding." Id. at 28. The court also found that Childress had victimized lenders and other individuals and consequently deserved a significant period of imprisonment. Id. Given this court's careful consideration of the

underlying crime and the strong corollary between his initial offense and the subsequent state fraud convictions, Childress's claim that the revocation of his supervised release amounts to double jeopardy lacks merit.

III. Reasonableness of Revocation Sentence Previously Adjudicated

Childress alleges that the district court (1) improperly considered his past convictions in determining the supervised release violation grade, and (2) unreasonably imposed a sentence consecutive to his state sentence. The Sixth Circuit has held that issues "fully and fairly presented on direct appeal" cannot be subsequently raised under a § 2255 motion absent an intervening change in the law. Oliver v. United States, 90 F.3d 177, 180 (6th Cir. 1996). Further, arguments not presented on direct appeal are considered waived unless the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999) (quotation and citation omitted).

Following the district court's revocation of sentence, Childress filed a timely appeal in the Sixth Circuit. (Case No. 10-2307). The Sixth Circuit held that the district court's determination of Childress' violation grade was "not procedurally unreasonable." United States v. Childress, 468 Fed. App'x 471, 476 (6th Cir. 2012). The Sixth Circuit reasoned that habitual offenses are to be considered in enhancing sentences and determining violation grades. Id. Moreover, the Sixth Circuit stated that consideration of prior convictions in establishing violation grades does not constitute impermissible double counting. Id. at 475.

The Sixth Circuit further opined that the district court did not error in ordering Childress' sentence to run consecutively, rather than concurrently, to his state sentence.

Id. at 479. The Sixth Circuit did not find abuse of discretion where the district court "provided a clear rationale for ordering Childress's revocation sentence to run consecutive to his state sentences." Id. Because the allegations related to Childress' revocation sentence were "fully and fairly presented on direct appeal" and no intervening change in law has occurred, Childress is therefore barred from re-litigating these issues in a § 2255 motion. Oliver 90 F.3d at 180.

IV. Sentence Credit Improper

Childress alleges that he is entitled to a sentence credit pursuant to 18 U.S.C. § 3585(b). It is this court's understanding that Childress contends a sentence credit should be applied to his federal sentence as of September 30, 2010, the date of his revocation sentence. However, in United States v. Wilson, 503 U.S. 329, 334-35 (1992), the Supreme Court interpreted § 3585(b) as saying the Attorney General, not the district court, calculates the sentence credit, and computation is not appropriate until the time the sentence commences. Childress is currently serving his state sentence in Sanilac County Jail, and is therefore not entitled to a sentence credit at this time because his federal sentence has not commenced. Because it is the Attorney General and not the district court that determines sentence credits, Childress's argument lacks merit.

V. Trial Counsel Was Not Ineffective

Childress argues that his trial counsel was ineffective for (1) failure to make a double counting argument; (2) lack of knowledge of applicable state law, (3) failure to submit evidence, and (4) failure to provide and discuss the presentence investigation

reports. As to each argument, Childress' ineffective assistance of trial counsel claim lacks merit.

The familiar two-prong test of Strickland v. Washington, 466 U.S. 668 (1984), governs the analysis of Childress's ineffective assistance of counsel claim. The first prong requires Childress to show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy.'" Id. at 689 (citation omitted).

The second prong requires Childress to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. When analyzing a claim of ineffective assistance of counsel, the court "must indulge the strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment." Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1407 (2011) (citation omitted). Surmounting this "high bar is never an easy task," and a court must apply this standard "with scrupulous care." Id. at 1408 (citation omitted).

A. Double Counting Argument

Childress complains that his trial counsel failed to raise the legal argument against double counting with respect to the court's determination of his violation grade. Even though Childress did not raise this issue on appeal, the Sixth Circuit noted that

-10-

"enhancements for prior offenses are part of the conviction for calculating a subsequent supervised release violation," and therefore, the district court did not conduct impermissible double counting. 468 Fed. App'x at 475 (citing United States v. Crace, 207 F.3d 833, 838 (6th Cir. 2000)). Because the Sixth Circuit stated that the double counting argument is without merit, Childress' trial counsel cannot be faulted for failing to present the argument.

B. Counsel's Knowledge of Applicable State Law

Childress alleges his trial counsel did not make effective arguments for lack of state knowledge. This argument is without merit because under the Strickland test, Childress must show that but for his ineffective counsel, the outcome would have been different. Strickland, 466 U.S. at 668. Specifically, Childress argues that his counsel failed to raise a double jeopardy claim but this court has already found that such a claim lacks merit. He also complains that his trial counsel was ignorant of the law regarding calculating the grade of the violation for purposes of sentencing him for violating the terms of his supervised release. Again, the Sixth Circuit considered and rejected the argument that the district court improperly calculated his grade violation for purposes of determining his revocation sentence. In sum, Childress' allegations that his trial counsel lacked state law knowledge do not meet the Strickland standard.

C. Submitting Evidence

Childress also complains that his counsel erred in failing to challenge his underlying state convictions. He claims his counsel should have submitted purported evidence that he allegedly owned the vehicle involved in the Oakland County case. That case arose from Childress fraudulently obtaining clear title on a vehicle and then

attempting to sell it which led to charges of larceny by conversion $20,000 or more and possession of a motor vehicle with intent to pass false title. For those charges, Childress was convicted after trial. Childress can show no prejudice entitling him to relief on the grounds that his attorney allegedly should have challenged those convictions on the facts.

The Supreme Court has held that a defendant may not collaterally attack prior state court convictions during a federal sentencing proceeding. Custis v. United States, 511 U.S. 485, 497 (1994). The only exception in Custis is when the defendant was denied completely of counsel in the underlying state conviction. Id. at 496-97. Childress had counsel at both his underlying state convictions here. In United States v. Aguilar-Diaz, 626 F.3d 265 (6th Cir. 2010), the Sixth Circuit relied on Custis in holding that at sentencing, the district court properly precluded the defendant from collaterally attacking a prior state court conviction used in calculating his sentencing guideline range. Id. at 269-70. Similarly, in Goldsby v. United States, 152 Fed. Appx. 431 (6th Cir. 2006), the Sixth Circuit, relying on the Supreme Court's holding in Custis, ruled that a defendant could not challenge his underlying state convictions used to classify him as a career offender at sentencing because the "proper approach is to challenge prior convictions through state channels, or in a separate federal habeas proceeding." Id. at 440. "A supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation." United States v. Hofierka, 83 F.3d 357, 363 (11th Cir. 1996) (collecting cases). Because there is no right to attack a prior state court conviction at sentencing, it cannot be ineffective assistance of counsel for an attorney to fail to do so. Any such attempt would be futile. Thus, Childress' counsel

was not ineffective for failing to challenge his state court convictions at his supervised release revocation hearing.

D. <u>Inaccurate Presentence Investigation Report</u>

Childress also complains that his counsel never provided him with a copy of the presentence investigation report and never discussed it with him. He further alleges that the district court failed to inquire as to whether he and his attorney discussed the presentence report at sentencing. At his initial sentencing, however, the following colloquy occurred:

> THE COURT: (to Childress): You reviewed the pre-sentence investigation report?
>
> DEFENDANT CHILDRESS: Yes, your Honor.
>
> THE COURT: Did you find it to be factually accurate?
>
> DEFENDANT CHILDRESS: Couple of things weren't factual but pretty much everything else was pretty much factual. Believe it's the basis of your decision of the imposed sentence today.
>
> MR. BELANGER: (defense counsel) There were some minor fact situations but nothing to impact the guidelines that I could see.

(Doc. 54, at 1-2). At his supervised release violation hearing, Childress told the court that he had brought the pre-sentence investigation reports to the hearing with him and commented on what they stated, thus, admitting that he had seen and reviewed the reports. (Doc. 73 at 24). Based on the record in this case, it is clear that Childress had an opportunity to review his presentence reports, and did in fact do so. In addition, even if Childress could show that he failed to discuss the report with his counsel, he cannot show any actual prejudice where the court did not rely on any factual errors in the report that negatively impacted his sentence.

The Sixth Circuit has held that while the district court should inquire as to whether a defendant has had the opportunity to read and discuss the presentence investigation report with his attorney, the failure of the court to do so does not rise to the level of a constitutional due process violation where the court did not rely on false information in the report at sentencing. United States v. Stevens, 851 F.2d 140, 144 (1988). In this case, Childress has failed to show that any false information was contained in his presentence investigation report or show that his sentence was based on any alleged inaccuracies. He states generally that "the PSI also contained inaccurate information of a conviction which was used to enhance his state conviction and in the matter before this Court when it enhanced the Grade level from B to A." Childress does not state what the alleged inaccurate information was contained in these reports nor can he show that the court relied on any inaccuracies at sentencing. Because Childress has failed to show that the court relied on false information in a presentence investigation report that he did not have the opportunity to review, he fails to state a due process claim entitling him to relief under § 2255. Ratliff v. United States, 999 F.2d 1023, 1028 (6th Cir. 1993).

VII. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997). For the reasons set forth above, Childress has not shown that his sentence violated his constitutional rights or that his trial counsel was constitutionally ineffective. The court will not issue a certificate of appealability in this case.

## CONCLUSION

Accordingly, defendant's motion to vacate, set aside or correct sentence (Doc. 80) is DENIED.

Defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: July 3, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 3, 2013, by electronic and/or ordinary mail and also on Robert Lee Childress, Jr., 25851-039, Sanilac County Jail, 65 N. Elk Street, Sandusky, MI 48471.

s/Barbara Radke
Deputy Clerk